IN THE UNITED STATES DISTRICT COURT
Northern District of Indiana
Hammond Division

| | |
|---|---|
| CARL G. ZECK and<br>CHERYL ZECK,<br><br>         Plaintiffs,<br><br>    v.<br><br><br>PETER B. TITTLE,<br>LGR TRUCKING, INC.,<br>and ILGXS VAN LEASING,<br><br>         Defendants. | )<br>)<br>)  Case No.2:16-cv-00314-JTM-PRC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Defendants, Peter B. Tittle, LGR Trucking, Inc., and ILGXS Van Leasing, by counsel, for their Answer to Plaintiffs' *Complaint for Damages*, allege and say:

1.  At all relevant times herein, Carl G. Zeck (hereinafter "Carl") and Cheryl Zeck (hereinafter "Cheryl"), were residents of Demotte, Jasper County, Indiana.

**ANSWER: Defendants admit the material allegations contained in paragraph one (1) of Plaintiffs' Complaint.**

2.  At all relevant times herein, Peter B. Tittle (hereinafter "Tittle") was a resident of Newport, Kentucky.

**ANSWER: Defendants admit the material allegations contained in paragraph two (2) of Plaintiffs' Complaint.**

3. At all relevant times herein, LGR Trucking, Inc. (hereinafter "LGR") possessed a principal address of 2735 Spring Grove Ave., Cincinnati, OH 45225.

**ANSWER: Defendants admit the material allegations contained in paragraph three (3) of Plaintiffs' Complaint.**

4. At all relevant times herein, ILGXS Van Leasing (hereinafter "ILGXS") possessed a principal address of 251 Monroe Street, Kentworth, NJ 08822.

**ANSWER: Defendants admit the material allegations contained in paragraph four (4) of Plaintiffs' Complaint.**

5. At all relevant times herein, Cheryl was a passenger in the automobile driven by Plaintiff, Carl Zeck.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph five (5) of Plaintiffs' Complaint, and therefore deny the same.**

6. At all relevant times herein, the Plaintiffs, Carl and Cheryl Zeck, and the Defendant, Peter B. Tittle, were involved in a motor vehicle collision in or about Hobart, Lake County, Indiana.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph six (6) of Plaintiffs' Complaint, and therefore deny the same.**

## COUNT I
## NEGLIGENCE/RECKLESSNESS (CARL ZECK v. TITTLE)

7. Plaintiffs incorporate by reference the allegations made in rhetorical paragraphs one through six (1-6) above, including sub-parts, as paragraph seven (7) of Count I.

**ANSWER: In response to paragraph seven (7) of Plaintiffs' Complaint, the Defendants incorporate by reference their response to paragraphs one (1) through six (6) of Plaintiffs' Complaint as if set forth in their entirety.**

8. On or about December 21, 2014, Carl was operating his motor vehicle northbound on I65 in or about Hobart, Lake County, Indiana, at or near the 255.4 mile marker, in the right lane.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph eight (8) of Plaintiffs' Complaint, and therefore deny the same.**

9. On the same date and time, Tittle was operating his motor vehicle northbound on I65 in or about Hobart, Lake County, Indiana, at or near the 255.4 mile marker, in the center lane and attempted to move into the right lane.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph nine (9) of Plaintiffs' Complaint, and therefore deny the same.**

10. At all relevant times, Cheryl was a passenger in Carl's automobile.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph ten (10) of Plaintiffs' Complaint, and therefore deny the same.**

11. While Carl was traveling northbound on I65 in or about Hobart, Lake County, Indiana, at or near the 255.4 mile marker, in the right lane, Tittle disregarded the vehicles traveling immediately in front of, or in close proximity to, him and/or otherwise disregarded vehicles present upon the roadway, including the vehicle driven by Carl, and/or existing traffic signals/signs/road markers, causing a violent collision between the automobiles driven by the Plaintiff, Carl Zeck, and the Defendant, Tittle.

**ANSWER: Defendants deny the material allegations contained in paragraph eleven (11) of Plaintiffs' Complaint.**

12. On or about December 21, 2014, Tittle owed a duty to Carl to operate his motor vehicle in a reasonably safe and prudent manner.  Notwithstanding, Tittle breached his duty to Carl in one or more of the following respects:

   A. Tittle operated his motor vehicle in excess of the posted speed limit or at an unusually high rate of speed given the extent of the surrounding circumstances and conditions;

   B. Tittle failed to keep a proper lookout for Carl's vehicle and other vehicles;

   C. Tittle failed to timely apply his brakes or otherwise stop to avoid the collision;

   D. Tittle failed to take evasive maneuvers to avoid the collision;

   E. Tittle failed to yield to oncoming traffic;

   F. Tittle failed to obey lawful traffic signals, controls and road markers;

   G. Tittle failed to ensure that the vehicle he was operating was sufficiently maintained such that the same was safe to operate upon a public roadway and/or otherwise did not pose a danger to those present upon the public roadway; and

   H. Tittle failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

**ANSWER: As to the material allegations contained in paragraph twelve (12), including subparagraphs A, B, C, D, E, F, G and H, of Plaintiffs' Complaint, Defendants admit that Defendant Peter B. Tittle owed all duties applicable to other motorists under Indiana law.  Defendants deny the material allegations contained in paragraph twelve (12) to the extent that they are inconsistent with Indiana law.**


  13. As a direct and proximate result of Tittle's negligence, carelessness, and reckless disregard for the safety of other motorists, he struck Carl's vehicle

or otherwise caused Carl's motor vehicle to come into contact with his, causing a violent and forceful collision.

**ANSWER: Defendants deny the material allegations contained in paragraph thirteen (13) of Plaintiffs' Complaint.**

14. As a direct and proximate result of the subject collision occasioned by Tittle's negligence, carelessness, and reckless disregard for the safety of other motorists, Carl sustained permanent and severe personal injuries; incurred and will incur hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; incurred lost wages, lost income, and loss of future earning capacity; and incurred other injuries and damages of a personal and pecuniary nature, including, but not limited to, property damage.

**ANSWER: Defendants deny the material allegations contained in paragraph fourteen (14) of Plaintiffs' Complaint.**

WHEREFORE, Defendants pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

## COUNT II
## NEGLIGENCE/RECKLESSNESS (CHERYL ZECK v. TITTLE)

15.     Plaintiff incorporates by reference the allegations made in rhetorical paragraphs one through fourteen (1-14) above, including sub-parts, as paragraph fifteen (15) of Count II.

**ANSWER: In response to paragraph fifteen (15) of Plaintiffs' Complaint, the Defendants incorporate by reference their response to paragraphs one (1) through fourteen (14) of Plaintiffs' Complaint as if set forth in their entirety.**

16.     On or about December 21, 2014, Cheryl was a passenger in an automobile that was traveling northbound on I65 in or about Hobart, Lake County, Indiana, at or near the 255.4 mile marker, in the right lane, and being driven by Plaintiff, Carl.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph sixteen (16) of Plaintiffs' Complaint, and therefore deny the same.**

17.     On the same date and time, Tittle was operating his motor vehicle northbound on I65 in or about Hobart, Lake County, Indiana, at or near the 255.4 mile marker, in the center lane and attempted to move into the right lane.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph seventeen (17) of Plaintiffs' Complaint, and therefore deny the same.**

18. At all relevant times, Cheryl was a passenger in Carl's automobile.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph eighteen (18) of Plaintiffs' Complaint, and therefore deny the same.**

19. While Cheryl was a passenger in an automobile that was traveling northbound on I65 in or about Hobart, Lake County, Indiana, at or near the 255.4 mile marker, in the right lane, Tittle disregarded the vehicles traveling immediately in front of, or in close proximity to, him and/or otherwise disregarded vehicles present upon the roadway, including the vehicle driven by Carl and, in which, Cheryl was a passenger, and/or existing traffic signals/signs/road markers, causing a violent collision between the automobiles driven by the Plaintiff, Carl Zeck, and the Defendant, Tittle.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph nineteen (19) of Plaintiffs' Complaint, and therefore deny the same.**

20. On or about December 21, 2014, Tittle owed a duty to Cheryl to operate his motor vehicle in a reasonably safe and prudent manner.

Notwithstanding, Tittle breached his duty to Cheryl in one or more of the following respects:

    A.    Tittle operated his motor vehicle in excess of the posted speed limit or at an unusually high rate of speed given the extent of the surrounding circumstances and conditions;

    B.    Tittle failed to keep a proper lookout for Carl's vehicle and other vehicles;

    C.    Tittle failed to timely apply his brakes or otherwise stop to avoid the collision;

    D.    Tittle failed to take evasive maneuvers to avoid the collision;

    E.    Tittle failed to yield to oncoming traffic;

    F.    Tittle failed to obey lawful traffic signals, controls and road markers;

    G.    Tittle failed to ensure that the vehicle he was operating was sufficiently maintained such that the same was safe to operate upon a public roadway and/or otherwise did not pose a danger to those present upon the public roadway; and

    H.    Tittle failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

**ANSWER: As to the material allegations contained in paragraph twenty (20), including subparagraphs A, B, C, D, E, F, G and H, of Plaintiffs' Complaint, Defendants admit that Defendant Peter B. Tittle owed all duties**

**applicable to other motorists under Indiana law. Defendants deny the material allegations contained in paragraph twelve (12) to the extent that they are inconsistent with Indiana law.**

21. As a direct and proximate result of Tittle's negligence, carelessness, and reckless disregard for the safety of other motorists, he struck Carl's vehicle or otherwise caused Carl's motor vehicle to come into contact with his, wherein Cheryl was a passenger in Carl's automobile, causing a violent and forceful collision.

**ANSWER: Defendants deny the material allegations contained in paragraph twenty-one (21) of Plaintiffs' Complaint.**

22. As a direct and proximate result of the subject collision occasioned by Tittle's negligence, carelessness, and reckless disregard for the safety of other motorists, Cheryl sustained permanent and severe personal injuries; incurred and will incur hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; incurred lost wages, lost income, and loss of future earning capacity; and incurred other injuries and damages of a personal and pecuniary nature, including, but not limited to, property damage.

**ANSWER: Defendants deny the material allegations contained in paragraph twenty-two (22) of Plaintiffs' Complaint.**

WHEREFORE, Defendants pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

## COUNT III
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY (ZECK vs. LGR)

23. Plaintiffs repeat and re-allege the allegations contained in rhetorical paragraphs one through twenty-two (1-22) above, including sub-parts, as rhetorical paragraph twenty-three (23) of Count III of this cause of action.

**ANSWER: In response to paragraph twenty-three (23) of Plaintiffs' Complaint, the Defendants incorporate by reference their response to paragraphs one (1) through twenty-two (22) of Plaintiffs' Complaint as if set forth in their entirety.**

24. At all relevant times herein, LGR and/or ILGXS owned, controlled, leased or was otherwise responsible for the operation of the semi-tractor trailer being operated by Tittle, a 2012 Peterbilt Motors, with 1980 Beri Trailer.

**ANSWER: As to the material allegations contained in paragraph twenty-four (24) of Plaintiff's Complaint, Defendants admit that the truck was owned by LGR Trucking, Inc. Defendants deny all remaining material allegations contained in paragraph twenty-four (24) of Plaintiffs' Complaint. By way of further answering, Defendants state that Peter B. Tittle is an independent contractor of LGR Trucking, Inc.**

25. At all relevant times herein, Tittle was an employee and/or agent of LGR and/or ILGXS.

**ANSWER: Defendants deny the material allegations contained in paragraph twenty-five (25) of Plaintiffs' Complaint. By way of further answering, Defendants state that Peter B. Tittle is an independent contractor of LGR Trucking, Inc.**

26. At all relevant times herein, Tittle was operating the 2012 Peterbilt Motors, with 1980 Beri Trailer within the course and scope of his employment and/or was acting within the scope of his employment.

**ANSWER: Defendants deny the material allegations contained in paragraph twenty-six (26) of Plaintiffs' Complaint.**

WHEREFORE, Defendants pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

## COUNT IV
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY (ZECK vs. ILGXS)

27. Plaintiffs repeat and re-allege the allegations contained in rhetorical paragraphs one through twenty-six (1-26) above, including sub-parts, as rhetorical paragraph twenty-seven (27) of Count IV of this cause of action.

**ANSWER: In response to paragraph twenty-seven (27) of Plaintiffs' Complaint, the Defendants incorporate by reference their response to paragraphs one (1) through twenty-six (26) of Plaintiffs' Complaint as if set forth in their entirety.**

28. At all relevant times herein, LGR and/or ILGXS owned, controlled, leased or was otherwise responsible for the operation of the semi-tractor trailer being operated by Tittle, a 2012 Peterbilt Motors, with 1980 Beri Trailer.

**ANSWER: As to the material allegations contained in paragraph twenty-eight (28) of Plaintiff's Complaint, Defendants admit that the truck was owned by LGR Trucking, Inc. Defendants deny all remaining material allegations contained in paragraph twenty-eight (28) of Plaintiffs' Complaint. By way of further answering, Defendants state that Peter B. Tittle is an independent contractor of LGR Trucking, Inc.**

29. At all relevant times herein, Tittle was an employee and/or agent of LGR and/or ILGXS.

**ANSWER: Defendants deny the material allegations contained in paragraph twenty-nine (29) of Plaintiffs' Complaint. By way of further answering, Defendants state that Peter B. Tittle is an independent contractor of LGR Trucking, Inc.**

30. At all relevant times herein, Tittle was operating the 2012 Peterbilt Motors, with 1980 Beri Trailer within the course and scope of his employment and/or was acting within the scope of his employment.

**ANSWER: Defendants deny the material allegations contained in paragraph thirty (30) of Plaintiffs' Complaint.**

WHEREFORE, Defendants pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

Defendants, Peter B. Tittle, LGR Trucking, Inc., and ILGXS Van Leasing, by counsel, for their Affirmative Defenses to Plaintiffs' *Complaint for Damages*, allege and say:

1. Plaintiffs' claim should be reduced by the comparative fault of Plaintiff, Carl Zeck.

2. Plaintiffs' claims are barred because the comparative fault of the Plaintiff, Carl Zeck, exceeds fifty percent (50%).

3. Plaintiffs have failed to mitigate their damages.

4. Plaintiffs have already been fully or partially compensated for the injuries and/or damages of which they complain and are therefore not entitled to recover from Defendants, and/or such full or partial compensation is a set-off against any claim by Plaintiffs against Defendants.

WHEREFORE, Defendants pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

**REQUEST FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Defendants respectfully demand a trial by jury.

                              Respectfully submitted,

                              **TRAVELERS STAFF COUNSEL INDIANA**

By:   */s/ Paul T. Belch*
          Paul T. Belch, #18533-49

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 3rd day of August, 2016, a copy of this document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


By: */s/ Paul T. Belch*
Paul T. Belch, #18533-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325
Indianapolis, IN 46240
PH (317) 818-5100
FX (317) 818-5124
pbelch@travelers.com

PTB:gb